Bar Docket No. 8466

IN THE MATTER OF WILLIAM C. WISWELL, *Respondent.*

(691 P.2d 391)

WHEREAS, William Clayton Wiswell was admitted by this Court on the 13th day of September, 1974, to the practice of law in the State of Kansas; and

WHEREAS, on the 16th day of April, 1982, he was convicted in the District Court of Johnson County, Kansas, of one count of aiding and abetting arson (K.S.A. 21-3718 and 21-3205), one count of attempted felony theft (K.S.A. 21-3701 and 21-3301), one count of conspiracy to commit arson (K.S.A. 21-3718 and 21-3302), and one count of conspiracy to commit felony theft (K.S.A. 21-3701[b] and 21-3302); and

WHEREAS, on the 23rd day of August, 1982, respondent was temporarily suspended by this Court from the practice of law in the State of Kansas pending his appeal from the foregoing convictions; and

WHEREAS, the Kansas Court of Appeals affirmed the convictions in an unpublished opinion filed October 6, 1983, in case number 54,873; and

WHEREAS, a petition for review of the Court of Appeals decision was denied by this court on the 30th day of January, 1984, (234 Kan. 1078); and

WHEREAS, a petition for a writ of certiorari to the United States Supreme Court was denied October 1, 1984; and

WHEREAS, William Clayton Wiswell on the 17th day of October, 1984, voluntarily surrendered, pursuant to Supreme Court Rule 217 (232 Kan. clxx), his license to practice law in the State of Kansas,

NOW, THEREFORE, IT IS ORDERED that William Clayton Wiswell, a/k/a William C. Wiswell, be and he is hereby disbarred from the practice of law in the State of Kansas; the privilege of William Clayton Wiswell to practice law in the State of Kansas is hereby revoked and the Clerk of the Appellate Courts of Kansas is directed to strike the name of William Clayton Wiswell from the roll of attorneys in the State of Kansas.

IT IS FURTHER ORDERED that the certificate of William Clayton Wiswell to practice law in the State of Kansas is hereby cancelled and declared null and void, and the costs of this action are assessed to the respondent.

IT IS FURTHER ORDERED that this order shall be published in the official Kansas Reports and that the Clerk of the Appellate Courts shall comply with the requirements of Supreme Court Rule 217.

BY ORDER OF THE SUPREME COURT OF KANSAS this 16 day of November, 1984.